(C.D. 4502)

DITBRO PEARL CO., INC. *v.* UNITED STATES

Court No. 71-5-00113

(Dated March 11, 1974)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* and *Irving Levine* of counsel) ; *Rode & Qualey* (*John S. Rode* of counsel) associate counsel; for the plaintiff.

*Irving Jaffe,* Acting Assistant Attorney General (*Velta A. Melnbrencis,* trial attorney), for the defendant.

LANDIS, Judge: In its contested motion for rehearing of *Ditbro Pearl Co., Inc. 1. United States,* 72 Cust. Ct. 1, C.D. 4497 (1974), plaintiff asks the court to reconsider plaintiff's claim that abstracted Bureau decisions of general interest affecting classification, including one which classified ladies' chain belts as chain or chains under TSUS item 652.38, constituted a finding of an established practice requiring notice of change under section 315(d), Tariff Act of 1930, as amended, 19 U.S.C., section 1315(d).

Replying to plaintiff's contention on rehearing that the abstracted Bureau decision T.D. 68-77(3), 2 Customs Bulletin 157 (one of

twenty-one Bureau decisions abstracted under T.D. 68–77, most of which dealt with classification matters) is *ipso facto* a finding by the Bureau of a uniform and established practice under section 315(d), it is again pertinent to note as stated in the previous opinion herein (C.D. 4497) that "plaintiff cites no case and I find none which sustains the general proposition that the mere publication of a Bureau abstracted decision on the classification of merchandise establishes a uniform practice for classifying the merchandise and requires a subsequent notice under section 315(d) if the practice is to change." Plaintiff's contention, without any legal authority to support it, is clearly untenable.

I would also observe that the court knows nothing whatever of the manner or extent to which the Bureau might consider itself bound by an abstracted Bureau decision;[1] knows none of the facts underlying the abstracted Bureau decision (T.D. 68–77(3)) classifying "Aluminum ladies belts, consisting of 36 inch lengths of aluminum chain with a small brass hook attached to one of each length" as chain or chains and, accordingly, cannot know nor is there any proof that the imported ladies' gold colored chain belts are the same as the aluminum ladies' belts covered by the abstracted Bureau ruling. Cf. *United States* v. *Edward I. Petow & Son, etc.*, 34 CCPA 55, C.A.D. 343 (1946); *United States* v. *Electrolux Corporation*, 46 CCPA 143, 150, C.A.D. 718 (1959) (dissenting opinion); *Koeller-Struss Co.* v. *United States*, 12 Ct. Cust. Appls. 189, 191, T.D. 40170 (1924); *B. A. McKenzie & Co., Inc.* v. *United States*, 39 Cust. Ct. 52, 55, 56, C.D. 1903 (1957); *Air Clearance Ass'n, Inc.* v. *United States*, 37 Cust. Ct. 138, 143, C.D. 1813 (1956); *Detroit & Canada Tunnel Corp.* v. *United States*, 10 Cust. Ct. 32, 36, C.D. 717 (1943).

The motion for rehearing is denied.

(C.D. 4503)

Avins Industrial Products Co. *v.* United States

---

[1] See, T.D. 66–125, 101 Treas. Dec. 363 (1966), quoted by plaintiff in support of this motion, but discussed in a context quite different from the actual context of what is quoted.